**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KEISHA  WILKINS**                                                                  **CIVIL ACTION**

**VERSUS**                                                               **NO. 2026-CV-00450-SDD-EWD**

**THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA**

**ERISA CASE MANAGEMENT ORDER**

This case appears to be an action seeking benefits under the provisions of an employee benefit plan pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA").  Compliance with applicable ERISA legal standards will streamline the handling of this action.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court establishes the following limited scheduling order to facilitate the efficient progression of this action:

I.  **Phase I - Preliminary Issues**

  A.  Parties to file Stipulation or Motion Regarding Preliminary Issues:

  Within **sixty (60) days** following the date of this Order, the parties shall file one of the pleadings described below, addressing the following issues: (1) whether ERISA governs the employee benefit plan at issue; (2) whether the plan vests the plan administrator with discretionary authority to determine eligibility for benefits and to construe the terms of the plan; and (3) and whether ERISA preempts all state law claims related to the employee benefit plan:

  i.  A joint stipulation as to any of these issues on which the parties agree; **AND/OR**

    ii. A summary judgment motion presenting any issues on which the parties cannot agree to the Court for resolution.

B. <u>Defendant to file Plan Documents and Administrative Record</u>:

Within **sixty (60) days** following the date of this Order, Defendant shall file the following:

    i. A complete copy of the employee benefit plan and summary plan description; **AND**

    ii. A copy of the complete administrative record concerning Plaintiff's claim for benefits.

      **The employee benefit plan, summary plan description and administrative record should be bates-labeled when filed.**

C. <u>Plaintiff's Response to Plan Documents and Administrative Record</u>

Within **90 days** following the date of this Order, Plaintiff shall file one of the following:

    i. A Notice stating that the Plaintiff agrees the administrative record is complete; **OR**

    ii. A motion to supplement the administrative record. Any motion to supplement must describe the alleged omitted documents and set forth the basis for the contention that the documents were improperly omitted. Additionally, if Plaintiff possesses the documents, Plaintiff shall attach the allegedly omitted documents to the motion to supplement.

## II. Phase II

<u>Filing of Substantive Dispositive Motion(s) OR Joint Motion for Extension of Time</u>:

Within **one hundred twenty (120) days** following the date of this Order:

    i. Any party seeking determination of the substantive issue(s) in the case shall file a single motion for summary judgment IF no motions are pending related to any preliminary issue; **OR**

        ii.   The parties must file a joint motion to extend the deadline for filing any substantive motion(s) IF there are pending motions regarding any preliminary issue.

## III.    General Matters

Discovery Limitations: Absent Court order,[1] discovery in this case is limited to completeness of the administrative record, the plan administrator's compliance with ERISA procedures, and whether there is a conflict of interest when the plan administrator makes benefits determinations and funds the benefits.

The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause.  Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically.  All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P. A second and any subsequent motion to extend the scheduling order deadlines must be supported with detailed information describing the discovery already completed, what necessary discovery remains, the parties efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery.

Signed in Baton Rouge, Louisiana, on May 26, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]  If a diligent review of the law and the facts leads a party to believe that there is a basis for expanding the scope of discovery in this case, an appropriate motion and memorandum, citing applicable authorities and legal arguments, should be filed promptly. Any motion to conduct discovery must be accompanied by the proposed discovery requests. A motion to conduct discovery will not be granted *ex parte*.